FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 0 5 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARMERS CROP INSURANCE ALLIANCE, INC., a Kansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>POCO, LLC, a Washington Limited Liability Company.,<br><br>Defendant. | No. CV-05-5058-AAM<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD** |

**BEFORE THE COURT** are the defendant's Motion To Confirm Arbitration Award (Ct. Rec. 5) and the plaintiff's Motion To Vacate Arbitration Award (Ct. Rec. 13). Oral argument was heard on August 2, 2005. George Fearing, Esq., and John G. Schultz, Esq., argued for the defendant. John P. Raekes, Esq., argued for the plaintiff.

**I. BACKGROUND**

In February 2003, plaintiff Farmers Crop Insurance Alliance, Inc., ("Farmers) sold a crop insurance policy to the defendant Poco, LLC ("Poco") for the 2003 crop year. This policy was otherwise known as an Adjusted Gross Revenue (AGR) policy. The policy was reinsured by the Federal Crop Insurance Corporation (FCIC) under the provisions of the Federal Crop Insurance Act

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-**     1

("FCIA") (7 U.S.C. §1501 et seq.).[1] Paragraph 13 of the policy provided for arbitration of disputes:

> If you and we fail to agree on any factual determination, you may seek resolution of the disagreement. The disagreement will be resolved in accordance with the rules of the American Arbitration Association.

Poco submitted a claim under the AGR policy for damage to its 2003 potato crop. Farmers denied the claim and refunded the premium to Poco on the basis that Poco had failed to timely report and insure 71.2 acres of potatoes under its Benton County Multi-Peril Crop Insurance (MPCI) potato policy as required under the "Qualifying Person" provision of the AGR policy.

Eventually, the parties agreed to submit this dispute to arbitration and stipulated to James Craven, a Spokane attorney, as the arbitrator. Craven conducted an evidentiary hearing on March 29 and heard argument from counsel as well. Counsel submitted briefs to the arbitrator. On April 29, 2005, the arbitrator rendered his decision. He found:

> The Benton County potato acres were included on the AGR policy, but were not reported for purposes of the underlying MPCI policy due to nothing more than "inadvertence" (as stipulated by the parties), despite every intention on the part of Claimant [Poco] to report said potato acres for MPCI purposes, said inadvertence more probably than not was on the part of someone other than Claimant.
>
> . . . .
>
> It would be unjust to penalize Claimant for the inadvertent failure to report the Benton County potato acres under the MPCI policy, which inadvertence occurred most probably on the part of someone other than the Claimant, in light of the Congressional intent giving rise to the FCIC programs, the facts that the Benton County potato acres were reported and covered under the AGR policy, never suffered any loss, no claim was made for said potatoes under any insurance policy, Claimant's economic reliance upon the existence of the AGR policy and the Schedules of Coverage and Insurance issued to him, and the fact that Respondent [Farmers] has suffered no prejudice due to the failure to report the Benton County potato acres.
>
> Claimant is entitled to receive indemnity in the amount of $1,454,450.
>
> . . . .
>
> In the event that a premium would have been charged had the aforementioned Benton County potatoes been reported under the

---

[1] The FCIC insures farmers directly and reinsures private companies to insure farmers. 7 U.S.C. §1508(a).

MPCI policy, said premium should be paid to Respondent.

On May 31, 2005, Farmers filed in this court a "Complaint For Declaratory Judgment Vacating Arbitration Award," alleging subject matter based on diversity of citizenship (plaintiff being a Kansas corporation and defendant being a Washington company) and the amount in controversy exceeding $75,000. 28 U.S.C. §1332(a)(1). The complaint alleges at Paragraph XII:

> The Award of Arbitrator is irreconcilable with the undisputed, legally dispositive facts and therefore constitutes a manifest disregard of the law. The undisputed facts establish that defendant was not a qualifying person because it failed to purchase insurance coverage offered under the authority of the Federal Crop Insurance Act on all of its commodities which is a condition precedent to the effectuation of coverage under the AGR policy.

## II. DISCUSSION

### A. Subject Matter Jurisdiction/Complete Preemption

The parties do not dispute that review of the arbitrator's decision is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §1 *et seq*.[2] 9 U.S.C. §9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties,
>
> then such application may be made to the United States court in and for the district within which such award was made.

---

[2] The FAA applies to written arbitration provisions in "[c]ontracts evidencing a transaction involving commerce" and "maritime transactions." 9 U.S.C. §2. "Commerce" means "commerce among the several States." 9 U.S.C. §1. If the FAA is applicable, federal laws governs the enforcement of and challenges to an arbitration award, even in diversity cases. *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986). Apparently, the parties agree this insurance contract involves "commerce" among the several states, specifically Kansas and Washington. In any event, Poco correctly observes that the current provisions of the Washington Arbitration Act (WAA) pertaining to confirming, vacating, modifying or correcting an arbitration award (RCW 7.04.150, .160, and .170), are virtually the same as the provisions of the FAA in that regard (9 U.S.C. §§9, 10 and 11).

ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-          3

9 U.S.C. §10(a) provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration-
>
> (1) Where the award was procured by corruption, fraud, or undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any parties have been prejudiced.
>
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> (5) Where an award is vacated and the time within which the agreement required the award to be made had not expired the court may, in its discretion, direct a rehearing by the arbitrators.

9 U.S.C. §11 provides:

> In either of the following cases the United State court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration-
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

The FAA does not confer subject matter jurisdiction upon the federal courts. "While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. §1331 (1976) or otherwise." *Southland Corp. v. Keating*, 465 U.S. 1, 16 n. 9, 104 S.Ct. 852 (1984). In

**ORDER GRANTING MOTION**
**TO CONFIRM ARBITRATION AWARD-      4**

*Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993), the Ninth Circuit observed:

> Finally, we think that a narrow interpretation of [9 U.S.C.] §10 is consistent with the limited nature of federal-court jurisdiction. As noted by the Second Circuit, "to read Section 10 as bestowing jurisdiction to vacate absolutely any arbitration award would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute to Congress." For these reasons we hold that §10 of the [Federal Arbitration] Act does not provide independent jurisdiction to the courts.

Nor does §10 create federal question jurisdiction even when the underlying arbitration involves a federal question. *Luong v. Circuit City Stores*, 368 F.3d 1109, 1111 (9th Cir. 2004). "The mere presence of federal law questions in an underlying arbitration is insufficient to supply an independent basis for federal question jurisdiction over the petition to vacate that arbitration award." *Goodman v. CIBC Oppenheimer & Co.*, 131 F.Supp.2d 1180, 1183 (C.D. Cal. 2001). The bases for vacation of an arbitration award set forth in §10 (fraud, corruption, undue means, evident partiality, procedural misconduct, and exceeding powers) do not involve resolution of a federal question. This is exemplified by *Minor v. Prudential Securities, Inc.*, 94 F.3d 1103 (7th Cir. 1996), where the plaintiff asserted federal question jurisdiction because the arbitration had encompassed claims under the federal securities act and RICO. The Seventh Circuit held the district court properly dismissed for lack of jurisdiction because the question was not whether federal laws were violated, but whether the arbitrators acted on the basis of fraud, corruption and bias, matters which did not involve the resolution of a federal question.

The Ninth Circuit, however, recognizes "a non-statutory escape valve from an arbitral award where the arbitrator has manifestly disregarded the law." *Luong*, 368 F.3d at 1112. In other words, manifest disregard of the law is a basis for vacating an arbitration award, beyond those bases specified in 9 U.S.C. §10. Where the allegation is that the arbitrator manifestly disregarded federal law, federal question jurisdiction exists. *Id.* In *Luong*, the Ninth Circuit agreed with the reasoning of the Second Circuit in *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2nd Cir. 2000), that:

> In contrast to grounds of review that concern the arbitration process itself - - such as corruption or abuse of power - - review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second,

**ORDER GRANTING MOTION**
**TO CONFIRM ARBITRATION AWARD-      5**

determine whether the arbitrator's decision manifestly disregarded that law. This process so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present.

As noted above, Farmers' complaint posits subject matter jurisdiction based on diversity of citizenship and the amount in controversy exceeding $75,000. In diversity cases, federal courts apply the substantive laws of the state in which they are located. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). Technically, the assertion in the complaint that subject matter jurisdiction is premised on diversity arguably amounts to a concession that state law applies and therefore, the issue is whether the arbitrator manifestly disregarded Washington state law. *Luong*, 368 F.3d at 1111 ("[A] federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition"); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint facially presents a federal question"). The arbitrator clearly did not manifestly disregard Washington state law. In fact, although he did not specifically cite any Washington law, it is apparent he relied on such law in reaching his decision in favor of Poco.[3]

The well-pleaded complaint rule, which makes the plaintiff the master of his or her complaint, is superseded when there is complete (jurisdictional) preemption by federal law. *Holman*, 994 F.2d at 668. Farmers, however, does not argue there is complete preemption and case law would not, in any event, support such an argument. In *Holman*, Montana farmers filed an action in federal district court alleging claims of negligence, bad faith, and breach of contract against an insurance agency for the agency's errors relating to crop insurance policies written by the Federal Crop

---

[3] Under Washington insurance law, and this is undisputed by Farmers, noncompliance with a policy provision, not amounting to fraud, does not deprive the insured of the benefits of the policy unless the insurer demonstrates actual prejudice resulting from the insured's noncompliance. *Oregon Automobile Insurance Company v. Salzberg*, 85 Wn.2d 372, 377, 535 P.2d 816 (1975); *McGillicuddy v. New Brunswick Fire Insurance Company*, 126 Wn. 201, 203, 217 P. 1000 (1923); *Benham v. Wright*, 94 Wn. App. 875, 882, 973 P.2d 1088 (1999); *Pederson's Fryer Farms, Inc. v. Transamerica Insurance Company*, 83 Wn.App. 432, 437-38 (1996), *review denied*, 131 Wn.2d 1010, 932 P.2d 1255 (1997); *Canron v. Federal Insurance Company*, 82 Wn.App. 480, 485, 918 P.2d 937 (1996).

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-** 6

Insurance Corporation (FCIC) which the farmers had procured through the agency. The district court dismissed the case for lack of federal subject matter jurisdiction and the Ninth Circuit affirmed. The Ninth Circuit held the Federal Crop Insurance Act (FCIA) did not preempt the farmers' state law claims against the insurance agency for its own errors. Citing 7 U.S.C. §1506(d)[4], the circuit observed as follows:

> This statute by its terms applies only to suits brought "by or against" the FCIC, and would not on its face apply to the present action where the FCIC is not a party. In addition, a review of the FCIA and its legislative history uncovers no congressional intent that claims against insurance agents for the agents' own errors or omissions are to be deemed to create federal-question jurisdiction.
>
> The original FCIA, passed in 1938, allowed suit to be brought by or against the FCIC in state courts. The provision was deleted, however, by amendments passed in 1980 that established the present wording of section 1506(d), placing exclusive jurisdiction in federal courts to resolve suits "by or against [the FCIC]." These 1980 amendments did not, however require suits against insurance agents for their own errors to be brought in federal court. This omission is telling given the legislative history behind the 1980 amendments.
>
> The 1980 amendments to the FCIA dramatically increased the amount and availability of crop insurance. [Citation omitted]. To make the increased crop insurance program financially stable, Congress realized that "as with all insurance, federal crop insurance will have to be agressively marketed." [Citation omitted]. For the first time, private independent insurance agents were to be used extensively for this purpose. [Citation omitted]. At congressional hearings on the 1980 amendments, private agents expressed enthusiasm about the program but requested, among other things, indemnification for losses suffered as a result of acts or omissions of the FCIC. [Citation omitted]. There is no indication in the legislative history that the agents demanded to be included in the amend-

---

[4] §1506(d) apparently was amended after *Holman* was issued in 1993, but the amendments are not material to the preemption issue. The current version of §1506(d) provides:

> The district courts of the United States, including the district courts of the District of Columbia and of any territory or possession, shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation. The Corporation may intervene in any court in any suit, action, or proceeding in which it has an interest. Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business.

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-       7**

> ment providing that suits by or against the corporation be brought only in federal court. The final amendments did provide that agents would be indemnified for FCIC errors "except to the extent the agent or broker caused the error or omission." [Citation omitted]. There was no provision made in the amendments to place suits against agents for their own errors and omissions exclusively within the jurisdiction of the federal courts. We therefore find that the FCIA does not have the extraordinary preemptive force necessary for the application of the doctrine of complete preemption.

994 F.2d at 669.

*Holman* was cited in a recent decision from the district of North Dakota, *Bullinger v. Trebas*, 245 F.Supp.2d 1060 (D. North Dakota 2003). After their crop insurance claim was denied, the plaintiff farmers brought suit in state court against insurance agent Trebas and crop insurer Rain and Hail, L.L.C., alleging breach of contract, negligence, and other state law claims. The insurer removed the action on the basis of federal question jurisdiction and moved for summary judgment on the basis of a 12 months limitation period in the FCIA. The district court held removal was improper and remanded the matter to state court. According to the court:

> This Court agrees with the reasoning of the majority of the courts around the country that have specifically held that neither 7 U.S.C. §1508(j)(2) nor any other provision of the Federal Crop Insurance Act, creates a federal cause of action against a private reinsured company, nor does the Act express a clear manifestation of Congressional intent necessary for a finding of complete preemption. In other words, neither the legislative history of the Federal Crop Insurance Act or its express provisions establish an intent to create a federal cause of action against private insurance companies or to grant exclusive federal jurisdiction over such suits. Without clear Congressional intent to establish these provisions, the Federal Crop Insurance Act does not meet the standards set forth by the United States Supreme Court for completely preempting all state and common law claims.

*Id.* at 1066.

In *Holman*, the Ninth Circuit was careful to observe the distinction between complete (jurisdictional) preemption and defensive preemption:

> We note that the appellants have an ongoing state court action, and that the merits of the defendants' federal preemption defense remain unresolved. The defendants argue that the FCIA preempts state claims and requires the Holmans to pursue administrative remedies. **The jurisdictional issue of whether complete preemption exists– the issue addressed in this opinion – is very different from the substantive inquiry of whether a "preemption**

ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-        8

> **defense" may be established.** [Citation omitted]. We express no opinion on the merits of defendant's preemption defense. As we stated . . . "[w]e have confidence in the ability and willingness of state courts to enforce federal defenses." [Citation omitted].

994 F.2d at 669-70 (emphasis added).

### B. Manifest Disregard Of The Applicable Law/Defensive Preemption

Notwithstanding the pleading of diversity jurisdiction, it appears Farmers' argument really is that the arbitrator manifestly disregarded federal law. This would be a federal question. The argument Farmers makes **to this court** is that the arbitrator manifestly disregarded federal law which preempts application of state law. Defensive preemption substitutes federal rules of decision for state rules of decision, in contrast to complete preemption which negates state causes of action entirely and recasts them as federal claims. *Parrino v. FHP, Inc.*, 146 F.3d 699, 704, fn. 2 (9th Cir. 1998).

In its arbitration brief submitted to the arbitrator (Ex. 7 to Defendant's Memorandum In Support Of Motion To Confirm Arbitrator's Award), Farmers did not expressly tender a preemption defense **to the arbitrator**. There was no discussion of the different types of preemption, no citation to federal case law regarding preemption, and no citation to specific federal statutes and regulations regarding preemption. At best, a preemption defense was implied, but not well enough for this court to conclude the arbitrator was put on notice that Farmers was arguing preemption. In the fact section of its brief submitted to the arbitrator, Farmers did cite to Paragraph 24 of the AGR policy regarding "Applicability of State and Local Statutes" (p. 2 of "Respondent's Arbitration Brief").[5] Farmers also cited to several federal cases wherein the FCIC itself had been sued (*Felder v. FCIC*, 146 F.2d 638 (4th Cir. 1944); *Spratlin v. FCIC*, 662 F.Supp. 870 (E.D. Ark. 1987); *Ward v. FCIC*, 627 F.Supp. 1545 (E.D.N.C. 1986); *Byrne v. FCIC*, 289 F.Supp. 873 (D. Minn. 1968)) and there was no dispute that federal law governed the action against the FCIC. Nevertheless, in its arbitration brief, Farmers did not specifically cite Paragraph 24 of the policy and the aforementioned cases as part of a specific

---

[5] Paragraph 24 is quoted in full, *infra*.

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-         9**

and express defensive preemption argument. This is to be contrasted with the supplemental memorandum of authorities Farmers submitted to this court which cites to federal statutes and regulations and argues at length about defensive federal preemption. Accordingly, this begs the question of how the arbitrator could have manifestly disregarded federal law of which Farmers did not make him aware, nor of which there was any indication he was independently aware. The arbitrator's written decision makes no mention of preemption.

"'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 838 (9th Cir. 2004), quoting *Michigan Mutual Insurance Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). "Judicial inquiry under the 'manifest disregard' standard is . . . extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit and clearly applicable." *Id.* quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2nd Cir. 1986). Since arbitrators need not explain their decisions, a reviewing court can only infer from the facts of the case whether the arbitrator appreciated the law but chose to ignore it. *Goodman*, 131 F.Supp.2d at 1183, citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358 (1960), and *Houdstermaatschappij v. Standard Microsystems Corporation*, 103 F.3d 9, 13 (2nd Cir. 1997). When making this inference, the court must search for "even a barely colorable justification for the outcome reached," and if one is found, the arbitration award must be confirmed. *Id.* quoting *Houdstermaatschappij*, 103 F.3d at 13.

Even assuming the arbitrator was aware Farmers was arguing federal preemption, this court is not persuaded federal law is clearly applicable to this dispute between Poco and a private insurance company. Therefore, it cannot be concluded that the arbitrator manifestly disregarded the applicable law.

Federal law preempts state law claims in one of three categories: express preemption, conflict preemption, and field (or implied) preemption. State law is preempted to the extent Congress has specifically stated its intent to supersede state law. "[T]he task of statutory construction (of an

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-      10**

express preemption clause) must in the first instance focus on the plain wording of the clause, which necessarily entails the best evidence of Congress' preemptive intent." *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732 (1993).

      7 U.S.C. §1506(l) provides:

> State and local laws or rules shall not apply to contracts, agreements, or regulations of the Corporation or the parties thereto to the extent that such contracts, agreements or regulations provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts, agreements or regulations.

While this statute specifically refers to contracts of the "Corporation," that being the FCIC, Farmers notes that federal regulations regarding preemption apply "to all policies of insurance, insured or **reinsured** by the Corporation, contracts, agreements, or actions authorized by the Act and entered into or issued by the FCIC." 7 C.F.R. §400.351. (Emphasis added). Federal regulations have the same preemptive effect as federal statutes. *City of New York v. F.C.C.*, 486 U.S. 57, 63, 108 S.Ct. 1637 (1988).

      7 C.F.R. §400.352(a) provides:

> No State or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the Corporation.

Subsection (b) of 7 C.F.R. §400.352 goes on to provide a "non-inclusive" list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from taking against the FCIC "or any party that is acting pursuant to this part."[6] These include: (1) imposing or enforcing liens, garnishments, or other similar actions against proceeds obtained, or payments issued in accordance with the FCIA, these regulations, or contracts or agreements entered into pursuant to these regulations; (2) taxing premiums associated with policies issued hereunder; (3) exercising approval authority over policies issued; (4) levying fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies,

---

[6] Part 400- General Administrative Regulations of the FCIC, Department of Agriculture.

**ORDER GRANTING MOTION**
**TO CONFIRM ARBITRATION AWARD-**     **11**

employees of companies including agents and loss adjustors, or Federal employees arising out of actions or inactions on the part of such individuals and entities authorized or required under the FCIA, the regulations, any contract or agreement authorized by the FCIA or by regulations, or procedures issued by the FCIC; and (5) assessing any tax, fee, or amount for the funding or maintenance of any State or local insolvency pool or other similar fund.

7 U.S.C. §1506(l) does not expressly preempt all manner of state law and regulation with regard to insurance and reinsurance contracts under the FCIA, and this court is unaware of any case holding to the contrary.[7] This is confirmed by Paragraph 24 of the reinsurance contract at issue here which states:

> **24. Applicability of State and Local Statutes**
>
> If the provisions of this policy conflict with statutes of the State or locality in which this policy was issued, the policy provisions will prevail. State and local laws and regulations in conflict with Federal Statutes, this policy, and the applicable regulations do not apply to this policy.

The type of preemption contemplated is "conflict preemption" where there exists an actual conflict between a federal law and a state law. Conflict preemption is found where "it is impossible for a private party to comply with both state and federal requirements" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287, 115 S.Ct. 1483 (1995).

Farmers never actually identifies the specific conflict between federal statute/regulation and state statute/regulation, other than to note that in cases where the FCIC is a party, federal law dictates that if a condition precedent has not been met, there is no insurance coverage, whereas under the law in Washington, failure to meet a condition precedent will not void coverage if the insurer has not suffered any prejudice. The court fails to see how application of this Washington law to the reinsurance contract in question, which does not involve the FCIC as a party, "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Farmers may

---

[7] Nor is the court aware of any case holding the FCIA impliedly preempts state law because Congress intended the "field" to be occupied exclusively by the federal government.

**ORDER GRANTING MOTION**
**TO CONFIRM ARBITRATION AWARD-    12**

argue it is subject to conflicting federal and state requirements because it asked the FCIC/Risk Management Agency (RMA) if Poco was a "qualifying person" and was told "no" because of Poco's failure to procure MPCI coverage on the Benton County potatoes. There would be a conflict if federal law said Poco was not a "qualifying person" while state law said it was a "qualifying person." There is no apparent conflict, however, just because Washington law says failure to meet a condition precedent matters not if there is no fraud and no prejudice. Furthermore, the federal cases cited by Farmers involving the FCIC apparently did not address the specific issue of absence of prejudice in determining whether failure to meet a condition precedent voided insurance coverage. Therefore, it is not manifestly clear that there is an actual conflict between those federal decisions and Washington law.

What Poco sought from the arbitrator was a declaration that it was entitled to insurance coverage and payment of its insurance claim. Poco did not seek damages and/or attorney's fees from the arbitrator and was not awarded that type of relief. If Poco had sought that type of relief from the arbitrator, then there might have been federal preemption because of 7 C.F.R. §400.352(b)(4), cited above, as well as 7 C.F.R. §400.176(b) which provides:

> No policy of insurance reinsured by the Corporation and no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of damages against the Company issuing such policy, unless a determination is obtained from the Corporation that the Company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the Corporation and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.[8]

---

[8] The insurance contract at issue says in the introductory paragraph at Page 1:

> This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) under the provisions of the Federal Crop Insurance Act (7 U.S.C. §1501 *et seq.*) (Act). All provisions of the policy and rights and responsibilities of the parties are specifically subject to the Act. The provisions of the policy may not be waived or varied in any way by the crop insurance agent or any other agent or employee of the FCIC or the company.

**ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-    13**

To the extent, if any, this court is obligated to consider defensive federal preemption, it finds it is not clear there was such preemption in this case. Since federal law was not clearly applicable, the arbitrator could not have manifestly disregarded that law.

Farmers raises the issue of the arbitrator's authority, although it appears the argument essentially is that the arbitrator exceeded his authority because he manifestly disregarded the applicable law. 9 U.S.C. §10(a)(4) allows the court to vacate an arbitration award where the arbitrator "exceeded his powers." 9 U.S.C. §11(b) allows for the modification or correction of an award where the arbitrator has awarded upon a matter not submitted to him, unless it is a matter not affecting the merits of the decision upon the matter submitted. What 9 U.S.C. §10(a)(4) and §11(b) contemplate is an argument that the arbitrator did not have the authority to arbitrate a particular dispute upon which he made a finding.

Interestingly, Farmers seemingly contends that all of the facts were undisputed and all the arbitrator had to do was apply the law to those facts (including the undisputed fact that Poco inadvertently failed to include the Benton County potato acreage on its MPCI policy). Farmers contends that had the arbitrator applied the correct law, his only option was to find for Farmers. The arbitration clause in the reinsurance contract (Paragraph 13) required arbitration only of "factual determinations." If there were no "factual determinations" to be made, one has to wonder why Farmers agreed to arbitration in the first place. Farmers did, however, agree to arbitration and during the arbitration, it did not challenge the arbitrator's authority to render a decision as to any aspect of the dispute between the parties. The arbitrator ended up making at least one factual determination

> In the event we cannot pay your loss, your claim will be
> settled in accordance with the provisions of this policy
> and paid by FCIC. No state guarantee fund will be
> liable for your loss.

The assertion here is not that the crop insurance agent or any other agent or employee of the FCIC or the company "waived or varied" the provisions of the policy. Indeed, it is the fact that no one "waived or varied" the provisions of the policy that led Poco to seek arbitration of its insurance claim and a declaration that it was still entitled to coverage, notwithstanding its failure to obtain MPCI coverage for its Benton County potatoes.

**ORDER GRANTING MOTION**
**TO CONFIRM ARBITRATION AWARD-**      14

under Washington law, that being that Farmers had suffered no prejudice from Poco's inadvertent noncompliance with the AGR policy. Because Farmers agreed to the arbitration, it has waived any argument that the arbitrator did not have authority to make the determination he made. A wholly different question is whether in making that determination he manifestly disregarded the applicable law. That inquiry has been addressed above.

## III. CONCLUSION

The arbitrator did not manifestly disregard the applicable law. It is not apparent that he recognized federal law as the applicable law, but chose to ignore it. Moreover it is not apparent that federal law clearly applied to the dispute between these parties.

Accordingly, Poco's Motion To Confirm Arbitration Award (Ct. Rec. 5) is **GRANTED** and Farmers' Motion To Vacate Arbitration Award (Ct. Rec. 13) is **DENIED**. Within ten (10) days of the date of this order, Poco will serve and file any motion for Rule 11 sanctions, attorney's fees and costs, and/or prejudgment interest.[9] If such a motion is filed, the court will delay the entry of judgment until such time as the motion is resolved.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this 5 of August, 2005.

ALAN A. McDONALD
Senior United States District Judge

---

[9] In diversity cases, state law applies to recoverability of attorney's fees and prejudgment interest. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1622 (1975); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992).

ORDER GRANTING MOTION
TO CONFIRM ARBITRATION AWARD-    15